IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIRIAM LOPEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>PATRICK DONAHUE, United States Postmaster General, *et al.*,<br><br>**Defendants.** | CIVIL NO. 11-1457 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Plaintiff Miriam Lopez filed this action alleging discrimination on the basis of sex, age, and physical disability.[1] Pending before the Court is Defendants Patrick Donahoe, Antonio Guzman, Jose Rivera, Jesus Galvez and Rosa Emilia Rodriguez's motion to dismiss under Fed. R. Civ. P. 12(b)(1) & 12(b)(6). (Docket No. 23). Plaintiffs timely opposed. For the reasons that follow, the Court GRANTS in part Defendants' motion.

---

[1] The disability claim was split off from the original complaint as it fell within a pending class action complaint, <u>Sandrea McConnell v. John E. Potter</u>, Agency No. 4B-140-0062-06.

**STANDARD OF LAW**

Rule 12(b)(1)

     Federal Courts are courts of limited jurisdiction, thus they "are expected to monitor [sua sponte] their jurisdictional boundaries vigilantly and to guard carefully against expansion by distended judicial interpretation." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004) (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951); see also McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). Moreover, "subject matter jurisdiction is not waivable or forfeited. Rather, it involves a court's power to hear a case, it may be raised at any time." Díaz-Romero v. Ashcroft, 472 F. Supp. 2d 156, 160 (D.P.R. 2007), aff'd, sub nom. Díaz-Romero v. Mukasey, 514 F.3d 115 (1st Cir. 2008). Lastly, "[t]he proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). A party faced with a motion to dismiss based on a lack of subject-matter jurisdiction carries the burden of proving its existence. See SURCCO v. PRASA, 157 F. Supp. 2d 160, 163 (D.P.R. 2001).

Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id. In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. See Id.

**DISCUSSION**

Prima Facie Analysis

    The brunt of Defendants' challenge against the complaint is grounded on a *prima facie* analysis against Plaintiff's claims of sex and age discrimination, as well has her hostile work environment claim. In discrimination cases, however, the First Circuit recently held that "the prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold." Rodriguez-Reyes v. Molina-Rodriguez, 2013 WL 1173679, 1 (1st Cir. 2013). While "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim," they need not be pled with exactness. Id. Taking the factual allegations in light most favorable to Plaintiff, the Court finds that the complaint states a plausible claim of sex and age discrimination against Defendants. These claims, however, will be tested more thoroughly at the summary judgment stage.

Remaining Arguments

    Defendants also proffer three additional arguments in their motion to dismiss: 1) that Plaintiff has not exhausted her administrative remedies as to her claim of harassing or discriminatory comments and her retaliation claim; 2) that all named defendants other than the United States should be

dismissed from this action; and 3) that Plaintiff's tort claims should be dismissed. Plaintiffs fail to oppose, let alone discuss, these arguments. Hence, Plaintiffs have waived any opposition to the same, and the Government's motion shall be granted on these matters. See Local Rule 7; see also Rodriguez-Salgado v. Somoza-Colombani, Civil No. 11-2159 (JAG)(pending publication, and holding that Puerto Rico Local Rule 7 enables a district judge to grant an unopposed motion so long as it does not offend equity).

## CONCLUSION

In light of the above, the motion to dismiss is granted in part. The Court shall dismiss all named defendants save for the United States from this suit. Plaintiff's retaliation and tort claims shall also be dismissed. Finally, and to the extent that "harassing or discriminatory comments" are cognizable as a separate cause of action, that claim shall also be dismissed. Remaining, therefore, are Plaintiff's claims relating to sex and age discrimination, as well as her hostile work environment claim.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2013.

                                        S/ Jay A. Garcia-Gregory
                                        United States District Judge